```
                              UNITED STATES DISTRICT COURT
                              SOUTHERN DISTRICT OF FLORIDA

                              CASE NO. 07-60974-Civ-COHN
                              MAGISTRATE JUDGE P.A. WHITE
ANTONIO BALTA,                :

     Petitioner,              :

v.                            :      REPORT OF
                                     MAGISTRATE JUDGE
STATE OF FLORIDA,             :

     Respondent.              :
_____
```

Introduction

Antonio Balta has filed a pro se petition for writ of habeas corpus pursuant to 28 U.S.C. §2254 in this Court, attacking the constitutionality of his sentences entered in the Circuit Court of the Seventeenth Judicial Circuit in and for Broward County, Florida, case no. 04-4406-CF10A.

This Cause has been referred to the undersigned for consideration and report pursuant to 28 U.S.C. §636(b)(1)(B) and Rules 8 and 10 of the Rules Governing Section 2254 Cases in the United States District Courts.

For its consideration of the petition (DE#1) with supporting memorandum (DE#2), the Court has the respondent's response to an order to show cause with multiple exhibits (DE#14).

Balta raises the following claims for relief:

       1.   His sentence is unlawful, where the state court failed to set forth written reasons prior to imposing a departure sentence. (DE#1:6; DE#2:1).

>       2.    His sentence is unlawful where the state court imposed a departure sentence based on facts not charged in the information or proved beyond a reasonable doubt, in violation of <u>Apprendi v. New Jersey</u>, 530 U.S. 466 (2000) and its progeny.

## Procedural History

Balta's conviction arises from the death of his infant daughter which he admitted to leaving unattended in a car while he attended the races at Gulfstream Park. The pertinent procedural history of this case is as follows. Balta was charged by information with aggravated manslaughter. (DE#14:Ex.A). On February 3, 2005, Balta executed a written plea agreement which reveals in pertinent part that he could be sentenced to a term of ten to thirty years in prison. (DE#14:Ex.C). According to the state's Criminal Punishment Code Scoresheet, the lowest possible sentence range was 11.5 years in prison. (DE#14:Ex.D). On March 21, 2005, the court sentenced Balta to a term of 20 years in prison. (DE#14:Ex.G). No direct appeal appears to have been filed. (DE#1:3). Thus, for purposes of finality, the judgment became final at the latest on April 21, 2005, when the time expired during which the petitioner could have filed a direct appeal.[1]

Prior to his conviction becoming final, Balta filed a motion to mitigate sentence which was subsequently denied by the trial court on April 27, 2005. (DE#14:Ex.H).

Approximately seven months later, on November 19, 2006, Balta returned to the state court filing a motion to correct illegal

---

[1] In Florida, if the defendant does not appeal, a judgment becomes final upon expiration of the thirty-day appeal period. <u>Fla.R.App.P.</u> 9.110(b); <u>Demps v. State</u>, 696 So. 2d 1296, 1297, n.1 (Fla. 3 DCA 1997); <u>Ramos v. State</u>, 658 So.2d 169 (Fla. 3 DCA 1995).

sentence pursuant to Fla.R.Cr.P. 3.800(a), raising the same claims raised in this federal petition. (DE#14:Ex.I). On February 5, 2007, the trial court denied the motion on the basis that Balta's sentence did not exceed the 30-year statutory maximum. (DE#14:Ex.J). That denial was subsequently *per curiam* affirmed on appeal without opinion on April 4, 2007. Balta v. State, 954 So.2d 36 (Fla. 4 DCA 2007); (DE#14:Ex.L). The mandate issued on May 4, 2007. (Id.).

Less than two months later, Balta came to this court filing this federal habeas corpus petition on July 2, 2007.[2] (DE#1).

The respondent concedes correctly that this petition was filed within the one-year limitations period of 28 U.S.C. §2244, as amended by the Antiterrorism and Effective Death Penalty Act of 1996, Artuz v. Bennett, 531 U.S. 4 (2000) (pendency of properly-filed state postconviction proceedings tolls the AEDPA limitations period). In addition, the respondent is correct in its concession that the petitioner's claims are exhausted and ripe for federal review. Anderson v. Harless, 459 U.S. 4 (1982)(issues raised in a federal habeas corpus petition must have been fairly presented to the state courts and thereby exhausted).

## Standard of Review

Turning to a consideration of Balta's federally cognizable claims, Section 104(d) of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. §2254(d), provides that a prisoner in state custody may not be granted a writ of habeas corpus for any claim that was adjudicated on the merits in state

---

[2] See: Adams v. U.S., 173 F.3d 1339 (11 Cir. 1999) (prisoner's pleading is deemed filed when executed and delivered to prison authorities for mailing).

3

court, unless the decision of the state court was (1) "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or (2) "based on an unreasonable determination of the facts in light of the evidence presented" to the State court. 28 U.S.C. §2254(d)(1), (2). See Williams v. Taylor, 529 U.S. 362, 405-06 (2000). See also, Fugate v. Head, 261 F.3d 1206, 1215-16 (11 Cir. 2001).

A state court decision is "contrary to" the Supreme Court's clearly established precedent within the meaning of §2254(d)(1) only if the state court applies a rule that contradicts the governing law as set forth in Supreme Court case law, or if the state court confronts a set of facts that are materially indistinguishable from those in a decision of the Supreme Court and nevertheless arrives at a result different from Supreme Court precedent. Brown v. Payton, 544 U.S. 133, 141 (2005); Williams v. Taylor, 529 U.S. at 405-06. In the habeas context, clearly established federal law refers to the holdings of the Supreme Court's decisions as of the time of the relevant state-court decision. Hall v. Head, 310 F.3d 683, 690 (11 Cir. 2002) citing, Williams, 529 U.S. at 412. However, in adjudicating a petitioner's claim, the state court does not need to cite Supreme Court decisions and the state court need not even be aware of the Supreme Court cases. See Early v. Packer, 537 U.S. 3, 8 (2002); Parker v. Secy of Dept. of Corrections, 331 F.3d 764, 775-76 (11 Cir. 2003). So long as neither the reasoning nor the result of the state court decision contradicts Supreme Court decisions, the state court's decision will not be disturbed.[3] Id. Further, a federal court must

---

[3]The Eleventh Circuit has continued to stress the importance of the standard established in Section 2254(d), stating that the AEDPA "places a new constraint on the power of a federal habeas court to grant a state prisoner's application for a writ of habeas corpus with respect to claims adjudicated on the

presume the correctness of the state court's factual findings. See 28 U.S.C. §2254(e)(1); Putman v. Head, 268 F.3d 1223, 1241 (11 Cir. 2001), cert. denied, 537 U.S. 870 (2002).

## Discussion

In this collateral proceeding, Balta attacks his sentence for various reasons. Ordinarily, federal courts cannot review a state's alleged failure to adhere to its own sentencing provisions, even where the federal claim is "couched in terms of equal protection and due process." Branan v. Booth, 861 F.2d 1507 (11 Cir. 1988), and cases cited. However, an exception to the general rule exists where a §2254 petitioner contends that his sentence exceeds the maximum authorized under state law, because such a claim has due process implications. Redman v. Dugger, 866 F.2d 387 (11 Cir. 1989)(state's interpretation of its own rules or statutes may raise a federal constitutional issue if it rises to a level of denial of fundamental due process); Ralph v. Blackburn, 590 F.2d 1335, 1337 n.3 (5 Cir. 1979)(claim that a state sentence exceeds the statutory maximum is cognizable on federal habeas corpus review). Therefore, to the extent that Balta's sentencing claims may be liberally interpreted as falling under the exception rather than the general rule, they will be addressed in this report.

In claim one, Balta asserts that his sentence is unlawful, where the state court failed to set forth written reasons prior to imposing a departure sentence. (DE#1:6; DE#2:1). As previously

---

merits in state court." Crawford v. Head, 311 F.3d 1288, 1295 (11 Cir. 2002). Specifically, the AEDPA "modified a federal habeas court's role in reviewing state prisoner applications in order to prevent federal 'retrials' and to ensure that state court convictions are given effect to the extent possible under law." Crawford, supra at 1295, quoting Bell v. Cone, 535 U.S. 685 (2002). See also Hawkins v. Alabama, 318 F.3d 1302 (11 Cir.2003)(discussing AEDPA's limits on federal court authority).

explained in this Report, this claim is not cognizable in this collateral proceeding because it does not raise a constitutional issue nor does it rise to the level of a denial of a fundamental due process right. Balta's 20-year sentence did not exceed the 30-year statutory maximum. See Fla.Stat. §775.082. Thus, the claim does not appear to be cognizable here. Ralph v. Blackburn, supra.

In claim two, which is closely related to claim one, Balta asserts that his sentence is unlawful on the ground that it was improperly enhanced based on findings made by the trial court. Specifically, he claims that the trial court erred by upwardly departing from the sentencing guidelines by making factual determinations which were not charged in the information admitted by him, nor proven beyond a reasonable doubt, in violation of Apprendi v. New Jersey, 530 U.S. 466 (2000), Blakely v. Washington, 542 U.S. 296 (2004), and its progeny, United States v. Booker, 543 U.S. 220 (2005).[4] This claim is meritless.

Balta's 20-year sentence on his conviction for aggravated manslaughter, a first degree felony, punishable by a term of imprisonment not exceeding 30 years pursuant to Fla.Stat. §775.082, clearly did not exceed the statutory maximum. See Fla.Stat. §775.082. Thus, no Apprendi error exists. See Jewell v. Crosby, 142 Fed.Appx. 371, 373 (11th Cir. 2005), United States v. Sanchez, 269 F.3d 1250, 1272 (11th Cir. 2001)(*en banc*).

---

[4]In brief, the United States Supreme Court held in Apprendi v. New Jersey, 530 U.S. 466 (2000), that "other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." Id. at 490. In its later opinion in Blakely v. Washington, 542 U .S. 296 (2005), the Supreme Court explained that under Apprendi "the relevant 'statutory maximum' is not the maximum sentence a judge may impose after finding additional facts, but the maximum he may impose without any additional findings." Id. at 303-04. In a case decided shortly after Blakely, the Supreme Court explicitly held that Blakely applies to the Federal Sentencing Guidelines. See United States v. Booker, 543 U.S. 220 (2005).

To the extent that Balta contends that there could be any error under Blakey v. Washington, 542 U.S. 296 (2004) and/or United States v. Booker, 543 U.S. 220 (2005), that argument is without merit in that Blakely and Booker are not retroactively applicable to cases on collateral review. See Varela v. United States, 400 F.3d 864 (11 Cir. 2005), cert. denied, 546 U.S. 924 (2005).

Accordingly, the trial court properly denied Balta relief on his sentencing challenges raised in his Rule 3.800 motion, which ruling was affirmed on appeal. See Balta v. State, 954 So.2d 36 (Fla. 4 DCA 2007); (DE#14:Ex.L). Balta is, therefore, not entitled to federal habeas corpus relief on this sentencing challenge. See 28 U.S.C. §2254(d); Williams v. Taylor, supra.

## Conclusion

Based upon the foregoing, it is recommended that this petition for habeas corpus relief be denied.

Objections to this report may be filed with the District Judge within ten days of receipt of a copy of the report.

Signed this 19th day of February, 2008.

UNITED STATES MAGISTRATE JUDGE


cc:   Antonio Balta, Pro Se
      DC#L56606
      DeSoto Correctional Institution
      13617 SE Highway 70
      Arcadia, FL 34266-7800

7

```
Laura Fisher Zibura, Ass't Atty Gen'l
Office of the Attorney General
1515 North Flagler Drive, #900
West Palm Beach, FL 33401-3428
```